JOHN M. HARDING                                *          IN THE

9524 N. Laurel Road
Laurel, Maryland 20723                         *          UNITED STATES DISTRICT COURT

     Plaintiff,                            *          FOR

v.                                             *          THE DISTRICT OF MARYLAND

MARYLAND FOOD CENTER                           *
AUTHORITY
7801 Oceano Avenue                             *
Jessup, Maryland 20794
                                               *          Case No.: <u>1:19-cv-02403</u>       

     Defendant.                            *

     Serve On:                             *

     Donald J. Darnall, D.M., J.D.         *
     Executive Director
     Maryland Food Center Authority
     7801 Oceano Avenue                    *
     Jessup, Maryland 20794
                                               *
and
                                               *
STATE OF MARYLAND
c/o Nancy K. Kopp, Maryland State Treasurer*
c/o Peter V. R. Franchot, State Comptroller
Goldstein Treasury Building                    *
80 Calvert Street
Annapolis, Maryland 21401                      *

     Defendant                             *

     Serve On:                             *

     Nancy K. Kopp                         *
     Maryland State Treasurer
     State of Maryland Treasurer's Office *
     Goldstein Treasury Building
     80 Calvert Street                     *
     Annapolis, Maryland 21401

                                               *

Brian E. Frosh
Maryland Attorney General          *
200 Saint Paul Place
Baltimore, Maryland 21202          *

*       *       *       *       *       *       *       *       *       *       *       *       *

## COMPLAINT

COMES NOW, John M. Harding, by and through his attorneys, Paul V. Bennett, Esq.,

Elizabeth A. Marcus-Wenger, Esq., and Bennett & Ellison, P.C., and hereby sues Maryland Food

Center Authority and in support thereof states:

## JURISDICTION AND VENUE

1.      This court has jurisdiction pursuant to the Americans with Disabilities Act

("ADA") claim pursuant to 42 U.S.C. §§ 12101, et seq.

2.      This court has jurisdiction pursuant to Md. Code Ann., State Government Article

§ 20-606.

3.      That all actions complained of herein took place in Howard County, Maryland.

4.      Defendant, Maryland Food Center Authority, is located in Howard County,

Maryland and is a Maryland Independent Agency.

5.      That at all times relevant hereto, Defendant Maryland Food Center Authority, was

an entity employing fifteen (15) or more persons, and is an "employer" within the meaning of the

ADA, 42 U.S.C. §§ 12101, et seq, Md. Code Ann., and State Government Article, § 20-601(d)

(2016).

6.      In accordance with the ADA and Md. Code Ann., State Government Article, §

20-601(d) (2016), Plaintiff timely filed a Charge of Discrimination with the Maryland

Commission on Civil Rights on July 19, 2018. On May 28, 2019, a Notice of Right to Sue was

issued by the U.S. Equal Employment Opportunity Commission. Therefore, Plaintiff has properly exhausted her administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff was hired by Maryland Food Center Authority around 2009. At all relevant times, he was employed as a Maintenance Mechanic or Interim Maintenance Team Leader with an annual salary of approximately fifty thousand dollars ($50,000.00), not including any over-time he worked, and employment benefits including health insurance, vacation time, sick leave, pension, life insurance, and other benefits.

8.      At all times during Plaintiff's employment, Plaintiff met or exceeded his employer's legitimate expectations.

9.      In 2016, Plaintiff suffered a knee and shoulder injury on the job, which required him to be placed on light-duty. His shoulder injury resulted in a tear to the rotator cuff in his shoulder.

10.      Around March of 2017, Gary Decker (no known disability), Market Manager, became Plaintiff's supervisor. Plaintiff's second-line supervisor was Don Darnell (no known disability), Executive.

11.      On or about March 10, 2017, Plaintiff was assigned to the position of Interim Maintenance Team Leader. At that time, Mr. Decker informed Plaintiff that he was not a supervisor and had not authority to tell employees what to do.

12.      Plaintiff further injured his shoulders by tearing his rotator cuff further on the job in November of 2017.

13.     As a result, on or about December 15, 2017, Plaintiff provided a doctor's note to Defendant requesting light duty, which included a limit for lifting weight and no use of extension ladders.

14.     The next day, on December 16, 2017, Plaintiff requested a reasonable accommodation based on his doctor's medical recommendations.

15.     In December of 2017, Plaintiff's reasonable accommodation request was denied when he was told there were no light-duty positions available by Amy Broadwater, Human Resources, and Gary Decker, Market Manager.

16.     However, Plaintiff had been working in a light-duty capacity since 2016 when he was first injured. Further, he had a note from his doctor that specifically noted he was to do no heavy lifting.

17.     On or about January 8, 2018 and January 9, 2018, Plaintiff requested additional accommodations.

18.     On or about March 23, 2018, Plaintiff was issued three (3) warnings for unauthorized use of overtime and unsatisfactory work performance despite not committing the alleged infractions.

19.     A few days later, Gary Decker, Market Manager, issued Plaintiff another disciplinary notice for not informing Mr. Decker when Plaintiff allegedly did not inform Mr. Decker timely of an employee's need to leave work due to a medical issue.

20.     Plaintiff then complained to Ms. Broadwater, Human Resources Representative, that he was being treated different in the workplace based on his disability.

21.     On March 27, 2018, Plaintiff was terminated for an unspecified reason.

22.     After his termination, Plaintiff's position was filled by Martin Wells (no known disability).

## COUNT I
## DISABILITY DISCRIMINATION
### (Disparate Treatment)
**Americans with Disabilities Act of 1990, as amended**
**42  U.S.C. § 12101, et seq.**

23.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Title I of the ADA, 42 U.S.C. §§ 12111-12117, prohibits discrimination against disabled individuals in the terms, conditions, and privileges of employment.

25.     Defendant is a "covered entity" and "employer" under Title I of the ADA, 42 U.S.C. § 12111(2) and (5) respectively.

26.     Plaintiff was qualified for the position he formerly held and was performing his job duties at a level that met or exceeded Defendant's legitimate expectations.

27.     At all relevant times herein, Plaintiff suffered from a "disability" as that term is defined in the Americans with Disabilities Act, as he suffered from a condition, namely knee and shoulder pain, that resulted in him having a weight-lifting restriction, an inability to climb extension ladders, and caused him significant pain and discomfort preventing him from performing his daily functions in a typical fashion.

28.     Plaintiff was able to carry out the essential functions of his position with or without reasonable accommodation.

29.     On or about December 15, 2017, Plaintiff's doctor provided notice of Plaintiff's needed accommodations, namely light-duty that consisted a weight-lifting restriction and no use of extension ladders.

30.     That similarly-situated employees outside the protected class, including by not limited to Martin Wells, Plaintiff's successor, and Tony Harris, who held the same or similar position to Plaintiff, individuals without disabilities and employed by the Defendant, were not subjected to the same kind of severe adverse employment actions that Plaintiff endured, including, but not limited to: improper written warnings and termination.

31.     As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits, retirement benefits, emotional and additional physical distress, incurred attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT II**
**DISABILITY DISCRIMINATION**
**(Failure to Accommodate)**
**Americans with Disabilities Act of 1990, as amended**
**42 U.S.C. § 12101, _et seq._**

32.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

33.     At all times mentioned herein, Plaintiff suffered from a "disability" as that term is defined in the Americans with Disabilities Act, as namely knee and shoulder pain, that resulted in him having a weight restriction for lifting, an inability to climb extension ladders, and required him to be placed on light-duty.

34.     Defendant was made aware of the disability when Plaintiff provided Defendant a doctor's note on or about December 15, 2017 indicating his need to be placed on light-duty with a weight lifting restriction and no use of extension ladders.

35.     Plaintiff is a qualified individual with a disability who is able to perform the essential job functions of the position of a Maintenance Mechanic.

36.     Plaintiff requested a reasonable accommodation on or about December 16, 2017 when he requested light-duty having provided a doctor's note indicating the medical necessity of the accommodation.

37.     Defendant made no effort to engage in timely discussions with Plaintiff as to possible accommodations rather than delaying or reneging on Plaintiff's accommodations, contrary to the mandates of the Americans with Disabilities Act. Further, the American with Disabilities Act required that this discussion be prompt.

38.     Defendant violated Plaintiff's rights by refusing to afford him a reasonable accommodation request, as required by the Americans with Disabilities Act, to allow him to perform essential job functions of the position.

39.     That the actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish, incur attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT III**
**RETALIATION**
**(Adverse Actions and Protected Activity Deterrents)**
**Americans with Disabilities Act of 1990, as amended**
**42 U.S.C. §§ 12101 et seq.**

40.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth therein.

41.     Plaintiff was issued three (3) written warnings for infractions he did not commit on March 23, 2018.

42.     A few days later, Gary Decker, Market Manager, issued Plaintiff another disciplinary notice for not informing Mr. Decker when Plaintiff allegedly permitted an employee to go home due to illness.

43.     Plaintiff then complained to Ms. Broadwater, Human Resources Representative, that he was being treated different in the workplace based on his disability. Plaintiff's complaint was never resolved.

44.     Plaintiff was subsequently terminated on or about March 27, 2018.

45.     The aforementioned legally protected activities were known by management to have occurred.

46.     The subsequent denial of request for assistance and improper written warnings as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

47.     That the aforementioned acts of retaliation for complaining of discrimination and retaliation constitute unlawful employment practices pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. (2000).

48.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon a disability.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT IV
### WRONGFUL TERMINATION
**Americans with Disabilities Act of 1990, as amended**
**42 U.S.C. §§ 12101 et seq.**

49.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

50.     After Plaintiff was improperly issued three (3) written warnings on March 23, 2018, Defendant terminated Plaintiff on or about March 27, 2018.

51.     That the aforementioned acts constitute unlawful practices pursuant Maryland Code Ann., State Government Article, § 20-609.

52.     That the effect of the practices complained of above was to deprive Plaintiff equal employment opportunities and otherwise adversely affect his status as an employee because of his disability. Specifically, Plaintiff was terminated

53.     Plaintiff's position was then filled by Martin Walls (no known disability).

54.     That the unlawful employment practices complained of above were intentional.

55.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings, retirement pay, severe emotional distress, humiliation, and mental anguish.

**COUNT V**
**DISABILITY DISCRIMINATION**
**(Disparate Treatment)**
**MARYLAND CODE ANN.,**
**STATE GOVERNMENT ARTICLE, §§ 20-601(a)-(d), 20-606(a)(4), 20-609**

56.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

57.     Maryland Code Ann., State Government Article, § 20-609 prohibits discrimination against disabled individuals in the terms, conditions, and privileges of employment.

58.     Defendant is a "covered entity" and "employer" Maryland Code Ann., State Government Article, § 20-609.

59.     Plaintiff was qualified for the position he formerly held and was performing his job duties at a level that met or exceeded Defendant's legitimate expectations.

60.     At all relevant times herein, Plaintiff suffered from a "disability" as that term is defined in the Maryland Code Ann., State Government Article, § 20-609, as he suffered from a condition, namely knee and shoulder pain, that resulted in him being unable to lift more than ten (10) pounds and caused him significant pain and discomfort preventing him from performing his daily functions in a typical fashion.

61.     Plaintiff was able to carry out the essential functions of his position with or without reasonable accommodation.

62.     On or about December 15, 2017, Plaintiff's doctor provided notice of Plaintiff's needed accommodations, namely light-duty that consisted of a weight-lifting restriction and a prohibition on climbing extension ladders.

63.     That similarly-situated employees outside the protected class, including by not limited to Martin Wells, Plaintiff's successor, and Tony Harris, who held the same or similar position to Plaintiff, individuals without disabilities and employed by the Defendant, were not subjected to the same kind of severe adverse employment actions that Plaintiff endured, including, but not limited to: improper written warnings and termination.

64.     As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits, retirement benefits, emotional and additional physical distress, incurred attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT VI**
**DISABILITY DISCRIMINATION**
**(Failure to Accommodate)**
**Maryland Code Ann.,**
**State Government Article, §§ 20-601(a)-(d), 20-606(a)(4), 20-609**

65.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

66.     At all times mentioned herein, Plaintiff suffered from a "disability" as that term is defined in the Maryland Code Ann., State Government Article, as he suffered from a knee and shoulder injury that necessitated light-duty including a weight-lifting limitation and a prohibition on climbing extension ladders.

67.     Defendant was made aware of the disability when Plaintiff provided Defendant a doctor's note on or about December 15, 2017 indicating his need to be placed on light-duty with a weight lifting restriction and prohibition on climbing extension ladders.

68.     Plaintiff is a qualified individual with a disability who is able to perform the essential job functions of the position of a Maintenance Mechanic.

69.     Plaintiff requested a reasonable accommodation on or about December 16, 2017 when he requested light-duty having provided a doctor's note indicating the medical necessity of the accommodation.

70.     Defendant made no effort to engage in timely discussions with Plaintiff as to possible accommodations rather than delaying or reneging on Plaintiff's accommodations, contrary to the mandates of the Maryland Code Ann., State Government Article. Further, the Maryland Code Ann., State Government Article required that this discussion be prompt.

71.     Defendant violated Plaintiff's rights by refusing to afford him a reasonable accommodation request, as required by the Maryland Code Ann., State Government Article, to allow him to perform essential job functions of the position.

72.     That the actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish, incur attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT VII**
**RETALIATION**
**(Adverse Actions and Protected Activity Deterrents)**
**MARYLAND CODE ANN.**
**STATE GOVERNMENT ARTICLE, § 20-606**

73.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth therein.

74.     Plaintiff was issued three (3) written warnings for infractions he did not commit on March 23, 2018.

75.     A few days later, Gary Decker, Market Manager, issued Plaintiff another disciplinary notice for not informing Mr. Decker when Plaintiff allegedly permitted an employee to go home due to illness.

76.     Plaintiff then complained to Ms. Broadwater, Human Resources Representative, that he was being treated different in the workplace based on his disability. Plaintiff's complaint was never resolved.

77.     Plaintiff was subsequently terminated on or about March 27, 2018.

78.     The aforementioned legally protected activities were known by management to have occurred.

79.     The subsequent denial of request for assistance and improper written warnings as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

80.     That the aforementioned acts of retaliation for complaining of discrimination and retaliation constitute unlawful employment practices pursuant to Maryland Code Ann., State Government Article, § 20-609.

81.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon a disability.

82.     Plaintiff was issued three (3) written warnings for infractions he did not commit on March 23, 2018.

83.     Plaintiff was subsequently terminated on or about March 27, 2018.

84.     The aforementioned legally protected activities were known by management to have occurred.

85.     The subsequent denial of request for assistance and improper written warnings as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VIII
## WRONGFUL TERMINATION
**Maryland Code Ann.,**
**State Government Article, §§ 20-601, et seq.**

86.     Plaintiff hereby restates and incorporates Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

87.     After Plaintiff was improperly issued three (3) written warnings on March 23, 2018, Defendant terminated Plaintiff on or about March 27, 2018.

88.     That the aforementioned acts constitute unlawful practices pursuant Maryland Code Ann., State Government Article, § 20-609.

89.     That the effect of the practices complained of above was to deprive Plaintiff equal employment opportunities and otherwise adversely affect his status as an employee because of his disability. Specifically, Plaintiff was terminated

90.     Plaintiff's position was then filled by Martin Walls (no known disability).

91.     That the unlawful employment practices complained of above were intentional.

92.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings, retirement pay, severe emotional distress, humiliation, and mental anguish.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, John M. Harding, Plaintiff, demands judgment against Defendant, Maryland Food Center Authority, as follows:

a.  Lost wages in the amount of approximately $75,000.00;

b.  Damages for his emotional distress and mental anguish in the amount of $150,000.00;

c.  Prejudgment and post judgment interest;

d.  Award attorney's fees and costs, including expert witness fees, as allowed by law;

e.  Award past and future economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, back pay and lost benefits, COBRA payments incurred by Plaintiff, front pay, and special damages comprised in part of, but not limited to, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses;

f.   Award past and future non-economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity, mental suffering, emotional distress, loss of enjoyment of life, humiliation, loss of reputation, and inconvenience;

g.   And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

_____/s/_____                    _____/s/_____
Paul V. Bennett, Esq. (Bar No. 10324)          Elizabeth A. Marcus-Wenger, Esq. (Bar No. 30123)
Bennett & Ellison, P.C.                          Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201                 2086 Generals Highway, Suite 201
Annapolis, Maryland 21401                        Annapolis, Maryland 21401
Tel: (410) 974-6000                              Tel: (410) 974-6000
Email: pbennett@belawpc.com                      Email: emarcuswenger@belawpc.com
*Attorney for Plaintiff*                          *Attorney for Plaintiff*


**DEMAND FOR JURY TRIAL**

Plaintiff, John M. Harding, by and through his attorneys, Paul V. Bennett, Esq., Elizabeth A. Marcus-Wenger, Esq., and Bennett & Ellison, P.C., hereby demands that this above-captioned matter be tried before a jury on all issues so triable.

Respectfully Submitted,

_____/s/_____                    _____/s/_____
Paul V. Bennett, Esq.                            Elizabeth A. Marcus-Wenger, Esq.
Bennett & Ellison, P.C.                          Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201                 2086 Generals Highway, Suite 201
Annapolis, Maryland 21401                        Annapolis, Maryland 21401
Tel: (410) 974-6000                              Tel: (410) 974-6000
Email: pbennett@belawpc.com                      Email: emarcuswenger@belawpc.com
*Attorney for Plaintiff*                          *Attorney for Plaintiff*